SWIFT & COMPANY <em>v.</em> DOWLING.

FISH, C. J. The caption of the act of 1889 (Acts 1889, p. 106) is " An act to provide when transfers and liens shall take effect as against third parties." That act is embodied in the Civil Code (1910), § 3321, which reads: " The clerk of the superior court of each county shall be required to keep a general execution docket; and as against the interests of third parties acting in good faith and without notice, who may have acquired a transfer or lien binding the defendant's property, no money judgment obtained within the county of the defendant's residence, in any court of this State, . . shall have a lien upon the property of the defendant from the rendition thereof, unless the execution issuing thereon shall be entered upon said docket within ten days from the time the judgment is rendered. When the execution shall be entered upon the docket after the ten days, the lien shall date from such entry." The evident purpose of the act was to regulate the priority of deeds, mortgages and other liens. Accordingly, where a money judgment was rendered against a defendant in the superior court of the county of her residence on November 4, 1919, and on the next day thereafter a third person, acting in good faith and without notice, purchased from the defendant certain realty then owned by her and situated in the county of her residence, took a conveyance thereto, and went into possession of the same, and where no execution was issued on the judgment and entered upon the general execution docket of the county of the defendant's residence until November 17, 1919, *held*, that the lien of the judgment did not attach to the property; and that where a levy of the execution on the date of its issuance and entry was made on the property, and a stat-

29

utory claim was filed thereto by such purchaser, the court on the trial of the issue so made did not err in directing a verdict finding the property not subject to the execution.

*Judgment affirmed. All the Justices concur.*

No. 2280.　April 15, 1921.

Claim. Before Judge Graham. Montgomery superior court. August 3, 1920.

*W. J. Wallace, J. D. Durden,* and *A. C. Saffold,* for plaintiffs